IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                         Case No. 4:18-cr-00308-KGB

MICHAEL WILLINS                                                                        DEFENDANT

**ORDER**

Before the Court is Michael Willins's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 67). The United States has responded in opposition (Dkt. No. 72). For the following reasons, the motion is denied (Dkt. No. 67).

**I.     Background**

Mr. Willins was charged by indictment with one count of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). A federal jury found Mr. Willins guilty on both counts, and this Court sentenced him to concurrent terms of 120 months of imprisonment with five years of supervised release. The Eighth Circuit Court of Appeals affirmed the conviction. *United States v. Willins,* 992 F.3d 723 (8th Cir. 2021).

The facts are undisputed. While living in Tennessee, Mr. Willins, a 38-year-old male, engaged in email and text communications from September 26, 2016, through October 13, 2016, with a person who he believed was a 33-year-old divorced female ("Sammi McKnight"). He believed Sammi lived in Conway, Arkansas, with her 12 year-old daughter. Mr. Willins was actually communicating with Investigator Chad Meli from the Faulkner County, Arkansas, Sheriff's Department.

Acting in his undercover role as Sammi, Investigator Meli responded to Mr. Willins's online advertisement entitled "Looking For Really Taboo Female . . ." and seeking "some taboo things." (Dkt. No. 50, at 33–35). When Sammi *via* email asked Mr. Willins about his taboo interests, Mr. Willins responded that he was "into just about everything," and he asked Sammi if she was into "strap ons, golden shower, animal, [and] family?"[1] (Dkt. No. 50, at 40). When Sammi responded in the affirmative, the two began exchanging emails.

Mr. Willins stated *via* email to Sammi that, with respect to "family porn," he "like[d] all of it, father-daughter, brother-sister, et cetera." (Dkt. No. 50, at 47). After Mr. Willins provided his cell phone number, the two began communicating through text messages. Mr. Willins asked Sammi about her daughter's sexual experiences, and he said that he would "really love" to meet her (the daughter) (Dkt. No. 50, at 66). Mr. Willins asked Sammi what she would like the two of them to "do with [her] daughter"; he said that he would do "whatever [Sammi's] fantasy was." (Dkt. No. 50, at 67–68). After Mr. Willins received what he believed was a picture of Sammi's daughter that he had requested, he texted that he had many fantasies. Using sexually explicit language, Mr. Willins asked Sammi if she wanted him to engage in particular sexual conduct, including actions involving a strap-on sex toy, with her daughter. He also explicitly described the sexual acts involving the adult female and her daughter that he wanted to perform. Mr. Willins told Sammi that he would move to Arkansas "in an instant" and that they "needed" to be married (Dkt. No. 52, at 170). He said that he would use condoms with her daughter, and he asked Sammi if she would "talk her [the daughter] into it" (Dkt. No. 50, at 76). When Sammi provided the

---

[1] Trial testimony was that a "strap-on" is a prosthetic penis used during sexual intercourse; a "golden shower" occurs when "one person urinates on another for sexual pleasure"; "animal" refers to bestiality; and "family" refers to "sex with family members or between family members." (Dkt. No. 50, at 40–41).

2

purported telephone number of the 12 year-old girl, Mr. Willins called the number from his cell phone.

Mr. Willins arranged to travel from his home in Memphis, Tennessee, to Conway, Arkansas. He believed that he was meeting the adult female and her daughter at their apartment. He texted Sammi that he would bring a strap-on sex toy and condoms. On October 13, 2016, Mr. Willins arrived at the Conway address provided by Sammi. As he started up the apartment complex stairs, he was arrested by Faulkner County Sheriff's Department investigators. Officers seized Mr. Willins's cell phone. In Mr. Willins's vehicle, they found an empty condom box, an empty Cialis[2] prescription bottle (refilled on October 13, 2016, for one tablet), personal lubricant, and a strap-on sex toy. Officers found three condoms in Mr. Willins's pocket. A day later, Mr. Willins was charged in Faulkner County Circuit Court with conspiracy to commit rape in *State v. Michael Willins,* Case No. 23CR-16-912. After Mr. Willins was charged by federal indictment on June 6, 2018, the state charge was dismissed.

Mr. Willins was represented by Jack T. Lassiter. The defense theory was that Mr. Willins was engaging only in role-play and fantasy. At trial, the United States introduced the text messages and emails exchanged between Mr. Willins and Detective Meli in his undercover role. The United States also introduced the items seized from Mr. Willins's vehicle. Mr. Willins testified at trial. He admitted that he placed the online advertisement. He confirmed that he believed his communications *via* emails and text messages were with a 33 year-old female, who had a 12 year-old daughter. Mr. Willins testified that he did not intend to engage in sexual misconduct with a

---

[2] An investigator with the Faulkner County Sheriff's Department told the jury that Cialis is prescribed for erectile dysfunction (Dkt. No. 52, at 8). She stated that the medication can be effective for up to 36 hours (*Id.*).

12 year-old girl. He said that his text messages to the undercover officer were "role-playing" and "a coping mechanism" to distract himself from "disturbances" in his life (Dkt. No. 52, at 57).

On appeal, Mr. Willins argued that this Court abused its discretion in excluding expert testimony and that there was insufficient evidence to convict him of violating 18 U.S.C. § 2422(b) charging attempted enticement of a minor. The Eighth Circuit rejected both points and affirmed the judgment. The Eighth Circuit held that there was sufficient evidence to show Mr. Willins used an adult intermediary to pursue sex with a minor:

> Like *Spurlock,* Willins spoke multiple times with Sammi about engaging in sex with her minor daughter. *See Spurlock,* 495 F.3d at 1012. He tried to call the daughter. He brought condoms, lubricant, an empty Cialis bottle, and a sex toy with him to Arkansas. Willins "intended to entice [a] minor girl[] to have sex with him" and "his conversations with [her] purported mother were a substantial step toward that end." *See Spurlock,* 495 F.3d at 1014.

*Willins,* 932 F.3d at 278 (citing *United States v. Spurlock,* 495 F.3d 1011, 1014 (8th Cir. 2007)) (alternations original).

After the Eighth Circuit affirmed Mr. Willins's conviction, he timely filed the instant 18 U.S.C. § 2255 motion, raising three claims of ineffective assistance of trial counsel: (1) his trial lawyer retained an unqualified expert, (2) his trial lawyer did not seek suppression of evidence extracted from his cell phone, and (3) his trial lawyer failed to introduce impeaching evidence.

## II.     Standard Of Review

"Section 2255 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)). The statute provides for collateral review of the defendant's sentence based on claims of "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States,* 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255). Remedies for errors of law are available only when the "claimed error constitute[s] a

fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (internal quotations omitted).

Federal courts generally will not review a § 2255 claim unless the defendant first raised the point on direct appeal. *Massaro v. United States,* 538 U.S. 500, 504 (2003) (citation omitted). Ineffectiveness claims are the exception and may be raised for the first time in a § 2255 proceeding. *Id.* at 504–05. The Eighth Circuit has recognized ineffectiveness claims should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

To demonstrate constitutional ineffectiveness under the familiar *Strickland v. Washington* standard, Mr. Willins must show deficient performance and resulting prejudice. 466 U.S. 688 (1984). He must overcome the "strong presumption" that his trial lawyer acted "within the wide range of reasonable professional assistance." *Id.* at 689. Review of the trial lawyer's work is "highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* To satisfy the *Strickland* prejudice element, Mr. Willins must demonstrate a reasonable probability that, absent attorney error, the jury would have found him not guilty of the charged offenses. *Id.* at 694.

Mr. Willins is entitled to an evidentiary hearing "unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Holder v. United States,* 721 F.3d 979, 993 (8th Cir. 2013) (alternation in original) (quoting 28 U.S.C. § 2255). Because the ineffectiveness claims are "inadequate on [their] face" and "the record affirmatively refutes the factual assertions upon which [the claims are] based," an evidentiary hearing is unnecessary for the Court to reach a decision in this matter.

5

### III. Ineffectiveness Based On Inadequate Expert Witness

Mr. Willins argues that his trial lawyer's work fell below the constitutional standard when his trial lawyer failed to retain a qualified expert to testify that Mr. Willins had no sexual interest in children and that his sexually explicit communications were consistent with fantasy and role-playing.  Mr. Willins asserts that a qualified expert was "crucial to [his] defense" and "would have been able to give his opinions before the jury." (Dkt. No. 67, at 7, 8).

The trial lawyer retained Arthur Chupnik, a licensed clinical social worker, to conduct a psycho-sexual evaluation of Mr. Willins.  Mr. Chupnik is licensed in sex offender treatment and certified as a national sex addiction therapist.  As part of the licensure process for becoming a sex offender treatment provider, Mr. Chupnik was trained in conducting psycho-sexual evaluations.  He has conducted evaluations in Texas and Arkansas mostly in treating sex offenders on probation but also when testifying as an expert witness (Dkt. No. 55, at 4–8, 13–14, Proffered Testimony of Arthur Chupnik (SEALED)).

Mr. Chupnik evaluated Mr. Willins over two days in December 2016 and conducted additional testing on June 12, 2019.  Based on test results, Mr. Chupnik concluded that Mr. Willins's primary sexual interest and fantasies are with adult female partners and that Mr. Willins was not attracted to children (Dkt. No. 55, at 12–13, 49–50, Proffered Testimony of Arthur Chupnik (SEALED)).  According to the summary of Mr. Chupnik's anticipated testimony provided to the United States, Mr. Chupnik would testify that Mr. Willins "is not sexually attracted to 12 year old females" and "would have no interest in a 12 year old girl." (Dkt. 23, at 2 (SEALED)); *Willins,* 992 F.3d at 726.  In response to the United States's objection to the anticipated expert testimony, Mr. Willins's trial lawyer argued that the testimony would support

6

the defense theory that Mr. Willins was engaging in fantasy and role-playing when he communicated with Sammi.

This Court granted the United States's motion *in limine* to exclude Mr. Chupnik's anticipated testimony with respect to a violation of 18 U.S.C. § 2423(b) charging attempted enticement of a minor. This Court found that, because the expert testimony would impermissibly address the intent element necessary to find a § 2423(b) violation, the testimony was inadmissible with respect to that charge. *See* Fed. R. Evid. 704(b) (An expert witness may not testify "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged . . ..") (Dkt. No. 23 (SEALED)).

Based on authority that only intent to entice a minor, not intent to commit the underlying sexual act, is required to prove an 18 U.S.C. § 2422(b) violation, this Court found Rule 704(b) did not prohibit Mr. Chupnik's anticipated testimony with respect to § 2422(b) charging intent to engage in illicit sexual conduct (Dkt. No. 23, at 3–8 (SEALED)). Although inclined to exclude the anticipated testimony as to § 2422(b) based on Rule 403 of the Federal Rules of Evidence, this Court reserved a ruling until hearing further argument from the parties (Dkt. No. 23, at 8–10 (SEALED)).

After hearing Mr. Chupnik's proffered testimony and further argument, this Court found Mr. Chupnik's testimony as to 18 U.S.C. § 2422(b) was inadmissible. *See* Fed. R. Evid. 403 (A "court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). This Court noted the limited relevance and reliability of the psycho-evaluation test results: The reliability of the test results was dependent on the information provided by Mr. Willins, the test appeared to be directed toward treatment of

sex offenders instead of providing evidence to determine a defendant's guilt, and there was some inconsistency in the test results over the two testing events. Further, this Court determined a limiting instruction—the jury should consider Mr. Chupnik's testimony only in connection with § 2422(b) and not with respect to § 2423(b)—would not remedy jury confusion because of the similar elements of the two charges (Dkt. No. 55, at 62–64 (SEALED)).[3]

On appeal, Mr. Willins argued that this Court abused its discretion in excluding Mr. Chupnik's testimony. The Eighth Circuit recognized a split in authority as to the admissibility of expert testimony—on the defendant's lack of sexual attraction to minors—under Rule 704(b). *Willins,* 992 F.3d at 726–27. After finding the admissibility of the testimony as to 18 U.S.C. § 2423(b) was a "close question," the Eighth Circuit determined that deciding the issue was unnecessary because any error was harmless:

> The evidence supporting Willins's convictions is overwhelming. After speaking with Sammi multiple times about having sex with her daughter (and trying to call her), he drove to Arkansas bringing along condoms, lubricant, an empty Cialis bottle, and a sex toy.
>
> Chupnik's proffered testimony was weak. Although he performed testing on Willins to determine whether he was attracted to children, Chupnik could not explain how some of the testing worked. He conceded that a defendant could manipulate the testing. He appeared unaware that Willins lied to him about contacting the daughter.

*Id.* at 727. The Eighth Circuit further held that, even if the expert testimony was admissible as to § 2423(b) and the risk of the jury confusion with admitting the evidence only as to § 2422(b) was therefore eliminated, any Rule 403 evidentiary error was harmless for the same reasons. *Id.*

---

[3] On the morning of trial, this Court referred to the Eighth Circuit model jury instruction related to an 18 U.S.C. § 2422(b) violation, provided by the United States. The Court noted the jury instruction includes an element of intent but without citation to supporting cases. The Court found that, to the extent intent is an element of § 2422(b), Mr. Chupnik's testimony is inadmissible as to § 2422(b) under Rule 704(b).

The Eighth Circuit also noted the expert testimony may be inadmissible based on lack of relevance:

> Willins's proposed expert testimony may even be irrelevant to both charges because his discussion with Sammi centered on three-way sexual conduct involving the daughter. So even if Willins's motivating purpose were to have sex with Sammi, his willingness to include the daughter might qualify as attempted enticement of a minor and intent to engage in illicit sexual conduct. *See United States v. Strubberg*, 929 F.3d 969, 975 (8th Cir. 2019) (defendant claimed his intent was to have sex with the mother, but court affirmed attempted enticement conviction because he spoke numerous times about having sex with daughter). But because this decision rests on other grounds, this court need not resolve the issue.

*Id.* at 727 n.2.

Challenging the trial lawyer's decision to retain Mr. Chupnik as an expert witness, Mr. Willins now points to the Eighth Circuit's determination that Mr. Chupnik's proffered testimony was "weak." *Id.* at 727. Mr. Willins correctly states that the Eighth Circuit noted shortcomings in the testimony—Mr. Chupnik's lack of explanation for test results and his unawareness of Mr. Willins's attempt to contact the purported 12 year-old girl—and the possibility that Mr. Willins manipulated the assessment results. *Id.* Mr. Willins now also relies on the affidavit of Dr. Hugo Morais, a certified forensic examiner with a doctoral degree in clinical psychology (Dkt. No. 67, at 13–16). Dr. Morais attests to his extensive credentials and says his opinions are based on review of Mr. Chupnik's proffered testimony. Dr. Morais asserts that an evaluation by a "qualified psychologist" was needed to "elucidate Mr. Willins'[s] psychological functioning and specific sexual behaviors." (Dkt. No. 67, at 15).

Neither the Eighth Circuit's assessment of Mr. Chupnik's proffered testimony nor Dr. Morais's affidavit support a finding that the trial lawyer's work fell below the constitutional standard. The Eighth Circuit's determination that the proffered testimony was "weak" does not equate to a finding that the trial lawyer should have been "alerted" that a different expert was

9

needed. *Marcrum v. Luebbers,* 509 F.3d 489, 511 (8th Cir. 2007). Dr. Morais reiterates the Eighth Circuit's findings about Mr. Chupnik's proffered testimony, and he states that Mr. Chupnik is not qualified to administer or interpret "formal psychological tests such as tests of intellectual functioning, personality, and clinical symptoms." (Dkt. No. 67, at 13). The trial lawyer, however, retained Mr. Chupnik for the limited purpose of conducting a psycho-sexual assessment based on the defense theory that Mr. Willins was engaging in role-play or fantasy.

Based on Mr. Chupnik's professional training and experience, the trial lawyer made a reasonable professional judgment that he was qualified to evaluate Mr. Willins for the purpose of determining whether Mr. Willins had a sexual interest in children. The trial lawyer provided the background material for Mr. Chupnik's review; the examination of Mr. Willins was not cursory. Perhaps a different expert would have provided a better explanation of the test results and would not have overlooked the telephone call that Mr. Willins made to the purported daughter. There is nothing in the record, however, to put the trial lawyer on notice that a different expert was needed.

With respect to the *Strickland* prejudice element, Mr. Willins seems to argue that, if his trial lawyer had retained a different expert, this Court would have admitted expert testimony and the jury would have found him not guilty of the charged offenses.[4] There is not a reasonable probability, however, that a different expert would have made a difference in this Court's finding that expert testimony was inadmissible based on federal evidentiary rules. *See also Willins,* 992 F.3d at 726 ("Whether Chupnik's testimony violates Rule 704(b) is a close question."). Even if the jury heard expert testimony—with a better explanation of test results and closer consideration of the underlying facts than proffered by Mr. Chupnik—there is not a reasonable probability that

---

[4] Mr. Willins does not argue that, if his trial lawyer had retained a different expert, the Eighth Circuit would have reversed the judgment based on this Court's evidentiary ruling and remanded the case for a new trial.

the jury would have found Mr. Willins not guilty of the charged offenses. The evidence of guilt was overwhelming.[5] *See Willins,* 992 F.3d at 726–27 (harmless error analysis related to 18 U.S.C. § 2243(b)); *id.* at 728 (sufficiency-of-evidence analysis for 18 U.S.C. § 2422(b) conviction). While Dr. Morais suggests extensive testing of Mr. Willins's psychological functioning was needed, he does not offer testing measures to overcome the possible manipulation of psycho-sexual assessment results. Mr. Willins, moreover, offers no argument for the admissibility of additional test results. He does not say that Mr. Chupnik administered inappropriate tests or reached erroneous conclusions.

Mr. Willins has not overcome the "strong presumption" that his trial lawyer's decision to retain Mr. Chupnik fell within the "wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. He has not demonstrated a reasonable probability that, if his trial lawyer had obtained a different expert, this Court would have found the expert testimony admissible and that the jury would have found Mr. Willins not guilty of the charged offenses.

### IV.  Ineffectiveness Based On Failure To Suppress Text Messages

Mr. Willins next argues his trial lawyer's work was constitutionally deficient for failing to seek suppression of evidence from his cell phone. Mr. Willins asserts that the trial outcome would have been different, if a suppression motion had been granted based on "the purposeful wrongful conduct of law enforcement." (Dkt. No. 67, at 9).

---

[5] For conviction under 18 U.S.C. § 2423(b), the United States "must prove that the defendant traveled in interstate commerce with the intent to engage in sexual conduct." *Willins,* 992 F.3d at 726. An 18 U.S.C. § 2422(b) conviction requires the United States to prove "Willins intended to persuade, induce, entice, or coerce a minor to engage in sexual conduct." *Id.* at 728. Because Willins was charged with attempted enticement, "use of an adult intermediate to pursue sex with a minor violates § 2422(b)." *Id.*

11

Investigator Meli obtained a search warrant for Mr. Willins's cell phone on November 7, 2016 (Dkt. No. 52, at 25–26).  While the State's attempted rape charge was pending, Mr. Willins filed in State court a suppression motion, arguing investigators extracted evidence from his cell phone before the search warrant was obtained.  He testified at the suppression hearing that, while he was detained in the back of a truck after being arrested on October 14, 2016, he saw Investigator Meli review his cell phone.  The State disputed Mr. Willins's account.  Finding the State's evidence more credible, the Faulkner County Circuit Court denied the suppression motion in *State v. Michael Willins,* Case No. CR-16-912 (May 3, 2018).

Mr. Willins argues evidence provided by the United States during discovery in his federal case contradicts investigator testimony at the State suppression hearing and would support a finding that Investigator Meli searched Mr. Willins's cell phone before the search warrant was issued.  Because the cell-phone evidence introduced at trial was obtained pursuant to a search warrant, the evidence would have been admissible under the independent-source doctrine, even if the investigators searched the phone before the warrant was issued.  *United States v. Baez,* 983 F.3d 1029, 1037 (8th Cir. 2020) ("The independent-source doctrine applies if the evidence both would have been acquired by lawful means had the unlawful search not occurred and in fact *was* acquired (or reacquired) by these lawful means.").  Because the *Strickland* performance standard did not require the trial lawyer to file a meritless motion, the ineffectiveness claim is denied.

### V.     Ineffectiveness Based On Failure To Impeach Investigators' Testimony

Mr. Willins argues that he testified about a telephone conversation between Mr. Willins and Sammi on the day of his arrest in which Mr. Willins said that he was visiting only Sammi. Mr. Willins asserts that his trial lawyer was remiss in not using phone records to impeach

investigators' trial testimony[6] denying the telephone conversation occurred. Based on record review, neither Mr. Willins nor the investigators referred to a telephone conversation between Mr. Willins and Sammi. Communications were limited to email and text messages (*see* Dkt. No. 52, at 63). Because Mr. Willins has not stated any basis for relief, the ineffectiveness claim is denied.

### VI. Certificate Of Appealability

A certificate of appealability is warranted when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Mr. Willins must show "reasonable jurists would find [this Court's] assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Reasonable jurists would not find debatable this Court's determination that Mr. Willins has not demonstrated ineffective assistance of counsel. A certificate of appealability therefore is denied.

So ordered this 2nd day of September, 2025.

_____
Kristine G. Baker
Chief United States District Court Judge

---

[6] Investigators Eric Woodward and Kandis Studdard testified at trial. At the time of trial, Investigator Chad Meli was no longer employed by the Faulkner County Sheriff's Department and was working outside of the United States.